TREASURER OF LEAVENWORTH COUNTY (JEWETT v.). See Case No. 7,312.

TREASURER OF MUSCATINE COUNTY (UNITED STATES v.). See Case No. 16,-538.

TREASURER OF STATE OF WISCONSIN (MADISON & P. R. CO. v.). See Case No. 8,938.

## Case No. 14,160.

In re TREAT.

[10 N. B. R. 310.] [1]

District Court, D. Maine. 1874.

BANKRUPTCY—COMMITTEE OF CREDITORS—COMPENSATION FOR SERVICES—HOW DETERMINED.

1. The committee of creditors provided for in the 43d section of the bankrupt act [of 1867 (14 Stat. 538)] are entitled to compensation for their services, although the statute is silent on the subject.

[Cited in Grey v. Thomas, Case No. 5,806. Questioned in Re Bonnett, Id. 1,634.]

---

[1] [Reprinted by permission.]

2. It should be limited to such an amount as will afford a reasonable compensation for the services required and rendered, to a person of ordinary standing and ability, competent for such duties and services; and should not be based upon the usages or rates of profit which prevail in any branch of commercial or other business, nor upon the special qualifications or standing of the person who may happen to perform the services.

At the second general meeting of creditors objection was made to the allowance of compensation to the committee of creditors, and the decision of the question was adjourned into court for the decision of the judge. This objection was based mainly upon the ground that the bankrupt act is silent upon the question, and that provision is nowhere made for such a charge upon the estate; but upon a hearing the court held that the committee were entitled to compensation, and directed a reference to the register to ascertain the nature and circumstances of the services rendered, and report what sum should be allowed. The facts sufficiently appear in the following extract from the report of Mr. Register Hamlin: * * * Mr. Goodell, one of the committee of creditors, presented his statement of claim for services from August 8, 1868, to June 19, 1873, amounting to four thousand eight hundred dollars. In support of this claim he offered his own testimony and that of Mr. Walker, another member of the committee, James Treat, one of the bankrupts, and other witnesses. From their statements it appears that Mr. Goodell was the most active member of the committee. It does not appear that any specific agreement was made as to what his compensation should be, and the nature and circumstances under which he rendered service, do not fully appear. No note or order of the committee was shown. From the fact that the third member of the committee was not present at the committee meetings, and took no part in the business, the inference is drawn that Messrs. Goodell and Walker, being a majority, and living within a few miles of each other, found themselves compelled to act without his co-operation, and so far as Mr. Goodell is concerned no pains were taken to reduce to writing any directions under which he was to act. It seems to have been taken for granted that he was the general utility man of the committee. It is incumbent on Mr. Goodell, under the rulings of the court, to establish affirmatively what the services are which he rendered, as well as the circumstances. Taking his disbursement account in connection with his testimony, and that of Mr. Walker, I find he was employed three hundred and thirty-six days, twenty-nine of which were devoted to individual estates of James and William Treat. I do not consider the testimony of the witnesses produced in support of the claim of four thousand eight hundred dollars salary

charged by Mr. Goodell, and which proves him to have been a business man of experience, capacity, and ability—as affording the true rule by which his compensation should be fixed. Perhaps, if his compensation was to be determined upon such considerations the charge made is not excessive; but, as is said by the court in Grant v. Bryant, 101 Mass. 567, which was a bill in equity, in which it became necessary to pass upon the question of compensation of a receiver of a partnership, and the principle there established is applicable here; * * * "the proper compensation of a receiver as an officer of the court, in absence of any agreement between the parties in relation thereto, should be limited to such an amount as would afford a reasonable compensation for the services required and rendered, to a person of ordinary standing and ability, competent for such duties and services, and should not be based upon the usages or rates of profit which prevail in any branch of commercial or other business, nor upon the special qualifications or standing of the person who may happen to perform the services." * * * The allowance of three dollars per day is therefore recommended as a fair compensation to Mr. Goodell. This would entitle him to receive ten hundred and ninety-eight dollars in place of the salary charged by him—eighty-seven dollars of which should be apportioned to the individual estates of James and William Treat, a moiety to each.

Exceptions to the report of the register were taken, and upon hearing of the same the following order was passed.

H. D. Hadlock, for Goodell.
Wilson & Woodard and Hon. T. C. Woodman, for creditors.

FOX, District Judge. The court having carefully reviewed the reports of the register, and the evidence relating to the claim of Daniel S. Goodell, one of the committee, for his compensation for services rendered by him in that capacity, and the arguments of the counsel for said Goodell, doth now order, adjudge, and decree that the exceptions taken by said Goodell to the amount allowed for his personal services in behalf of the firm creditors of Treat & Company by the said register in his report, be sustained; and doth further order and decree that instead of the sum so allowed, viz., nine hundred and eleven dollars, the said Goodell is entitled to receive for services rendered by him for the estate of Treat & Company, as one of the committee of creditors, the sum of thirteen hundred dollars; which amount it is ordered and decreed shall be paid by the trustees to said Goodell in full compensation for his personal services as aforesaid, and in addition to the amount allowed him for services

to the individual estates of James and William Treat, and also for his expenses as charged in his account rendered, which two amounts he is also to receive from said trustees. In all other respects the findings and conclusions of the register, as set forth in his original report, are adopted and confirmed.